**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNIVERSITY OF INDIANAPOLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:26-cv-1669 |
| ) | |
| THE TRUSTEES OF INDIANA ) | INJUNCTIVE RELIEF |
| UNIVERSITY, ) | REQUESTED |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR**
**COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, University of Indianapolis ("U Indy"), by counsel, for its Complaint

for damages against Defendant, The Trustees of Indiana University ("IU"), alleges

and states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of U Indy's well -known federally-

registered trademark "UINDY" (as detailed below) under Section 32(1) of the

Lanham Act, 15 U.S.C. § 1114(1), and for unfair competition and false designation

of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising

from IU's unauthorized use of various marks containing "IU INDY" in connection

with the marketing, advertising, promotion, offering for sale and/or sale of IU's

educational and athletic services and good and services relating to the same.

2.      U Indy seeks injunctive and monetary relief.

## PARTIES

3.      U Indy is a nonprofit organization organized under the laws of Indiana and doing business as University of Indianapolis, with a primary business address of 1400 East Hanna Avenue, Indianapolis, Indiana 46227.

4.      Upon information and belief, IU is a "body politic and corporate" with its address of record as 601 East Kirkwood Avenue, Franklin Hall 200, Bloomington, Indiana 47405.

## JURISDICTION

5.      This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

6.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331 arising under the laws of the United States of America, specifically the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*.

## VENUE

7.      Venue is proper because IU is a resident of Monroe County, Indiana, as defined in 28 U.S.C. § 1391(b)(1).

8.      In addition, venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, and/or 28 U.S.C.

2

§ 1391(b)(3), in that IU is subject to personal jurisdiction in this district with respect to this action.

## FACTS

### U Indy and its "UINDY" Mark

9. Plaintiff owns common law rights in the mark UINDY, and Plaintiff owns and relies on the following registrations for the UINDY mark, all of which are incontestable, except for the last:

| Mark and Reg. No. | Filing Date | Goods and Services | First Use in Commerce | Registration Date |
|---|---|---|---|---|
| **UINDY**<br><br>Reg. No.: 2755827 | 10/17/2002 | Class 41: educational services in the nature of courses at the university level. | 06/03/2002 | 08/26/2003 |
| <br><br>Reg. No.: 3327194 | 01/30/2006 | Class 41: educational services in the nature of courses at the university level, entertainment in the nature of athletic games and live musical concerts. | 02/2007 | 10/30/2007 |
| <br><br>Reg. No.: 3756194 | 01/30/2006 | Class 25: clothing, namely, shirts, sweaters, jackets, hats, socks, vests, ties. | 07/2009 | 03/02/2010 |
| <br><br>Reg. No.: 3865804 | 12/22/2009 | Class 25: clothing, namely shorts, pants. | 01/06/2010 | 10/19/2010 |
| <br><br>Reg. No.: 4039095 | 12/22/2009 | Class 16: Stationery; decals; posters; notebooks; photographs; diplomas; announcement cards; and name cards in the nature of paper name badges | | |
| | 09/01/2021 | Class 6: metal license | 11/18/2021 | 01/31/2023 |

| Mark and Reg. No. | Filing Date | Goods and Services | First Use in Commerce | Registration Date |
|---|---|---|---|---|
| Reg. No.: 6969975 | | plates. Class 10: face covers being sanitary masks for protection against viral infection; fashion face mask being sanitary masks for protection against viral infection. Class 14: key chains; metal key chains. Class 16: decals; pencils; pens; blank notepads; bumper stickers; paper flags; paper name badges; paper notebooks; paper pennants; printed announcement cards; printed photographs; printed posters; stationery. Class 21: beverageware; cups; mugs; aluminum water bottles sold empty; drinking bottles for sports; glass beverageware; insulated containers for food or beverages; non-electric portable beverage coolers; plastic water bottle holders and attached carabiner clip sold as a unit; plastic water bottles sold empty; reusable stainless steel water bottles sold empty; sparts bottles sold empty; reusable plastic water bottles sold empty. Class 24: towels; cloth flags, cloth pennants. Class 25: hats; pants; shirts; shorts; socks; sweaters; t-shirts; | | |

4

| Mark and Reg. No. | Filing Date | Goods and Services | First Use in Commerce | Registration Date |
|---|---|---|---|---|
| | | vests; athletic jackets; athletic shirts; caps being headware; graphic t-shirts; hooded sweatshirts; jackets; jerseys; long-sleeved shirts; shirts and short-sleeved shirts; short sleeve shirts; sport shirts; sports jackets; sweal jackets; sweatpants; ties as clothing. Class 41: Arranging and conducting athletic competitions; education services in the nature of courses at the university level; educational services, namely, conducting courses of instruction in the field of education at the university level and distribution of course materials in connection therewith in printed or electronic format; educational services, namely, conducting live exhibitions and conferences in the field of education, culture, sports and entertainment for non-business and non-commercial purposes; entertainment services in the nature of live show performances and academic, art, athletic, civic, community, cultural, dance, educational, ethnic, music, and theater | | |

| Mark and Reg. No. | Filing Date | Goods and Services | First Use in Commerce | Registration Date |
|---|---|---|---|---|
| | | festivals and attractions performances; entertainment in the nature of competitions in the field of athletic games and tournaments; entertainment, namely, live music concerts; organization of exhibitions for cultural or educational purposes; organizing exhibitions for athletics; organizing and conducting college sport competitions and athletic events; organizing and arranging exhibitions for entertainment purposes; organizing, conducting and operating athletic tournaments; providing courses of instruction at the college level; providing information on-line relating to educational opportunities; providing information relating to education services; rental of anatomical models for educational purposes; research in the field of education. | | |

10.     U Indy provides, among other things, educational services in the nature of courses at the university level as well as entertainment in the nature of athletic games and live musical concerts. U Indy also sells numerous items bearing

its marks. U Indy sells and offers for sale its goods and services in interstate commerce and online.

11. Since at least as early as October 14, 2002, U Indy has used continuously in interstate commerce its UINDY Mark, and since then has used its UINDY Mark and at times in conjunction with its various designs, such as shown in the registrations with the UINDY mark, to identify its goods and services and distinguish those goods and services from the goods and services of others.

12. U Indy has used and uses the UINDY Mark by (i) affixing the UINDY Mark to goods, to labels and packaging for various types of goods offered for sale, sold and transported in interstate commerce, (ii) displaying the same on its point-of-sale website where customers may purchase U Indy's goods and services, and (iii) displaying the same on its advertising and marketing of U Indy's goods and services. Use of U Indy's UINDY Mark in connection with U Indy's services is easily seen on U Indy's website.

13. U Indy's UINDY Mark has been and continues to be the subject of substantial and continuous marketing and promotion by U Indy in connection with its products and services. U Indy has and continues to widely market and promote its UINDY Mark to consumers by, for example, displaying the UINDY Mark on its goods, on its marketing materials, on its websites and social media sites, and at athletic and other events. U Indy engages in extensive advertising and promotion of its goods and services under its UINDY Mark. As a result, U Indy has built up, at

great expense and effort, valuable goodwill in its UINDY Mark, and has developed strong common law rights in the mark.

14.     As a result of its widespread, continuous and exclusive use of the UINDY Mark, U Indy owns valid and subsisting federal statutory and common law rights to the UINDY Mark.

15.     U Indy's UINDY Mark is distinctive to the consuming public.

16.     As a result of U Indy's expenditures and efforts, the UINDY Mark has come to signify the high quality of the educational and other services designated by the UINDY Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to U Indy.

## IU's Unlawful Activities

17.     Without U Indy's authorization, and upon information and belief, on or about February 21, 2024, IU filed an application with the U.S. Patent and Trademark Office, seeking registration, pursuant to Section 1(B) of the Trademark Act, of the standard character word mark IU INDY, for "printed materials, namely, loose-leaf binders, business cards, decals, envelopes, paper folders, letterhead paper, paper notebooks, pencils, pens, day planners and appointment books, postcards, stationery, padfolios" in International Class 016, for "animal products, namely, animal clothing, animal collars, and animal leashes; and bags, and cases, namely backpacks, athletic bags" in International Class 018, for "household or kitchen utensils and containers, namely, glasses, namely, shot glasses, pint drinking glasses, wine glasses, and tumblers for use as drinking glasses, mugs, bottle

openers, insulated sleeve holder for beverage cans" in International Class 021, for "clothing, namely, short-sleeve t-shirts, long-sleeve t-shirts, headwear, namely ball caps and sock caps, shorts, polo shirts, tank tops, sweatshirts, hooded sweatshirts, zip-up sweatshirts, sweaters, pants, socks, infant wear, cloth bibs" in International Class 025, and for "Educational services, namely, providing instructional courses, namely, online courses, seminars, conferences and workshops at the university level in the fields of art and design, business, continuing studies, computers and information technology, dentistry, education, health and rehabilitation, informative, law, liberal arts, library and information science, literature, mathematics, medicine, music, nursing, pharmacy, physical education, public and environmental affairs, science and social work." in International Class 041 on the Principal Register of United States Trademarks, which application the U.S. Patent and Trademark Office assigned Serial Number 98414051 (the "IU INDY Word Mark '051"). The IU INDY Word Mark '051 Application was published in the Official Gazette on October 22, 2024.

18.    On or about February 21, 2024, IU filed an application with the U.S. Patent and Trademark Office, seeking registration, pursuant to Section 1(B) of the Trademark Act, of the design mark **IU INDY**, which features the words IU INDY, for "printed materials, namely, loose-leaf binders, business cards, decals, envelopes, paper folders, letterhead paper, paper notebooks, pencils, pens, day planners and appointment books, postcards, stationery, padfolios" in International Class 016, for

"animal products, namely, animal clothing, animal collars, and animal leashes; and bags, and cases, namely backpacks, athletic bags" in International Class 018, for "household or kitchen utensils and containers, namely, glasses, namely, shot glasses, pint drinking glasses, wine glasses, and tumblers for use as drinking glasses, mugs, bottle openers, insulated sleeve holder for beverage cans" in International Class 021, for "clothing, namely, short-sleeve t-shirts, long-sleeve t-shirts, headwear, namely ball caps and sock caps, shorts, polo shirts, tank tops, sweatshirts, hooded sweatshirts, zip-up sweatshirts, sweaters, pants, socks, infant wear, cloth bibs" in International Class 025, and for "entertainment services, namely, arranging and conducting intercollegiate athletic competitions and intercollegiate athletic events, and related undergraduate and alumni social entertainment events" in International Class 041 on the Principal Register of United States Trademarks, which application the U.S. Patent and Trademark Office assigned Serial Number 98413770 (the "IU INDY and Design Mark '770"). The IU INDY and Design Mark '770 Application was published in the Official Gazette on October 22, 2024.

19.    On or about February 21, 2024, IU filed an application with the U.S. Patent and Trademark Office, seeking registration, pursuant to Section 1(B) of the Trademark Act, of the design mark , which features the words IU INDY, for "printed materials, namely, loose-leaf binders, business cards, decals, envelopes, paper folders, letterhead paper, paper notebooks, pencils, pens, day planners and appointment books, postcards, stationery, padfolios" in International

Class 016, , for "animal products, namely, animal clothing, animal collars, and animal leashes; and bags, and cases, namely backpacks, athletic bags" in International Class 018, for "household or kitchen utensils and containers, namely, glasses, namely, shot glasses, pint drinking glasses, wine glasses, and tumblers for use as drinking glasses, mugs, bottle openers, insulated sleeve holder for beverage cans" in International Class 021, for "clothing, namely, short-sleeve t-shirts, long-sleeve t-shirts, headwear, namely ball caps and sock caps, shorts, polo shirts, tank tops, sweatshirts, hooded sweatshirts, zip-up sweatshirts, sweaters, pants, socks, infant wear, cloth bibs" in International Class 025, and for "entertainment services, namely, arranging and conducting intercollegiate athletic competitions and intercollegiate athletic events, and related undergraduate and alumni social entertainment events" in International Class 041 on the Principal Register of United States Trademarks, which application the U.S. Patent and Trademark Office assigned Serial Number 98413774 (the "IU INDY and Design Mark '774"). The IU INDY and Design Mark '774 Application was published in the Official Gazette on October 22, 2024.

20.    On or about February 21, 2024, IU filed an application with the U.S. Patent and Trademark Office, seeking registration, pursuant to Section 1(B) of the Trademark Act, of the standard character word mark IU INDY JAGUARS, for "printed materials, namely, loose-leaf binders, business cards, decals, envelopes, paper folders, letterhead paper, paper notebooks, pencils, pens, day planners and appointment books, postcards, stationery, padfolios" in International Class 016, , for

"animal products, namely, animal clothing, animal collars, and animal leashes; and bags, and cases, namely backpacks, athletic bags" in International Class 018, for "household or kitchen utensils and containers, namely, glasses, namely, shot glasses, pint drinking glasses, wine glasses, and tumblers for use as drinking glasses, mugs, bottle openers, insulated sleeve holder for beverage cans" in International Class 021, for "clothing, namely, short-sleeve t-shirts, long-sleeve t-shirts, headwear, namely ball caps and sock caps, shorts, polo shirts, tank tops, sweatshirts, hooded sweatshirts, zip-up sweatshirts, sweaters, pants, socks, infant wear, cloth bibs" in International Class 025, and for "entertainment services, namely, arranging and conducting intercollegiate athletic competitions and intercollegiate athletic events, and related undergraduate and alumni social entertainment events" in International Class 041 on the Principal Register of United States Trademarks, which application the U.S. Patent and Trademark Office assigned Serial Number 98413777 (the "IU INDY JAGUARS Word Mark '777"). The IU INDY JAGUARS Word Mark '777 Application was published in the Official Gazette on October 22, 2024.

21. The IU INDY Word Mark '051, the IU INDY and Design Mark '770, the IU INDY and Design Mark '774, and the IU INDY JAGUARS Word Mark '777, are collectively referred to as the "Infringing Marks."

22. The Infringing Marks adopted and used by IU are confusingly similar to U Indy's UINDY Marks. The Infringing Marks contain the exact same word "INDY" as does U Indy's UINDY Marks as well as including a U before INDY.

23. Upon information and belief, IU sells, offers for sale, or intends to offer for sale, educational services, athletic competitions, and apparel using the IU INDY Marks in the United States in interstate commerce.

24. Upon information and belief, U Indy and IU compete for the same students and/or customers in the same geographic markets, in the same lines of trade and business, and sell, advertise, and promote their products and services in the same channels of trade.

25. Upon information and belief, consumers in the market for educational services at the college level are likely to encounter IU's IU INDY Marks and IU's services offered thereunder and U Indy's UINDY Mark and U Indy's services offered thereunder.

26. IU's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the IU's educational services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that IU's educational services originate from, are associated or affiliated with, or otherwise authorized by U Indy.

27. IU's infringing acts as alleged herein have resulted in actual confusion, and based upon the size and student body of IU in comparison to U Indy are likely to and have caused and will continue to cause reverse confusion.

28. Upon information and belief, IU's acts are willful with the deliberate disregard of U Indy's UINDY Mark and the goodwill associated therewith, the

causing of confusion and deception in the marketplace and diversion of potential students and customers of U Indy to IU.

29.    IU's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to U Indy and to its valuable reputation and goodwill with the consuming public for which U Indy has no adequate remedy at law.

30.    U Indy has filed an Opposition proceeding (Proceeding No. 91297078), which is currently ongoing, against the Infringing Marks in the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board, but such action, if successful, will only cancel the applications for the Infringing Marks. Based upon information and belief, U Indy believes that this Complaint for Trademark Infringement and action is necessary to prevent IU from using the Infringing Marks and to provide full relief to U Indy.

<strong>COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT</strong>

31.    U Indy realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32.    IU's unauthorized use in commerce of the Infringing Marks as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33.    Upon information and belief, IU has committed the foregoing acts of infringement with full knowledge of U Indy's prior rights in the UINDY Marks and with the willful intent to disregard the confusion and U Indy's goodwill.

34.    IU's conduct is causing immediate and irreparable harm and injury to U Indy, and to its goodwill and reputation, and will continue to both damage U Indy and confuse the public unless enjoined by this court.  U Indy has no adequate remedy at law.

35.    U Indy has suffered compensable injury by IU's wrongful conduct as outlined above.

36.    U Indy has been required to hire an attorney to which it is obligated to pay a reasonable attorneys' fee.

37.    U Indy is entitled to, among other relief, injunctive relief and an award of actual damages, IU's profits, enhanced damages and profits, cancelation of IU's applications for registration of the Infringing Marks, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT TWO – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

38.    U Indy realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39.    IU's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40.    IU's conduct as alleged herein is willful and in disregard  to the likely causing confusion, mistake or deception as to the affiliation, connection or association of IU with U Indy, or in cases of reverse confusion, U Indy with IU.

41.    IU's conduct as alleged herein is in disregard  and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the IU's services.

42.    IU's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    IU's conduct as alleged herein is causing immediate and irreparable harm and injury to U Indy, and to its goodwill and reputation, and will continue to both damage U Indy and confuse the public unless enjoined by this court. U Indy has no adequate remedy at law.

44.    U Indy is entitled to, among other relief, injunctive relief and an award of actual damages, IU's profits, enhanced damages and profits, , cancelation of IU's applications for registration of the Infringing Marks, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiff, University of Indianapolis, requests judgment against the Defendant, The Trustees of Indiana University, as follows:

1.    That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     Granting an injunction and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities who receive actual notice of the Court's order by personal service or otherwise from:

a.     Distributing, providing, selling, marketing, advertising, promoting or authorizing any third party to distribute, provide, sell, market, advertise or promote any goods or services bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiff's UINDY Mark;

b.     Engaging in any activity that infringes Plaintiff's rights in its UINDY Mark;

c.     Engaging in any activity constituting unfair competition with Plaintiff;

d.     Engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's UINDY Mark;

e.     Making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Plaintiff; or (ii) Plaintiff's

17

services or products are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

f. Using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. Registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the Infringing Marks or any other mark that infringes or is likely to be confused with Plaintiff's UINDY Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. Aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise

18

connected with Plaintiff or constitute or are connected with Plaintiff's UINDY Marks and to prevent public and trade from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Plaintiff are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant or that Plaintiff's UINDY mark is connected with the Defendant.

4. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's UINDY Mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the

19

Plaintiff's UINDY Mark, and to immediately remove them from public access and view.

5.      Directing that Defendant recalls and delivers up for destruction all goods, packaging, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Plaintiff's UINDY Mark.

6.      Directing Defendant to formally abandon with prejudice any and all applications to register the Infringing Marks or any mark consisting of, incorporating or containing Plaintiff's UINDY Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

7.      Directing Defendant to cancel with prejudice any and all registrations for the Infringing Marks or any mark consisting of, incorporating or containing Plaintiff's UINDY Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

8.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(b)).

10.    Directing that Defendant account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11.    Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14.    Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

William J. Barkimer
William J. Barkimer (#27017-49)
KRIEG DeVAULT LLP
111 Congressional Blvd., Suite 400
Carmel, IN  46032
Telephone: (317) 566-1110
Facsimile: (317) 636-1507
wbarkimer@kdlegal.com

Daniel Tychonievich (#19604-71)
KRIEG DeVAULT LLP
4101 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 485-2003
Facsimile: (574) 277-1201
dtychonievich@kdlegal.com