# PRACTICES AND PROCEDURES BEFORE JUDGE JUSTIN R. OLSON

Counsel and pro se parties are expected to have read and to comply with these Practices and Procedures. Counsel and pro se parties must seek leave of the Court and establish good cause to deviate from any part of these Practices and Procedures. The Court may also alter them *sua sponte* as appropriate in any case. All inquiries should be directed to Judge Olson's Courtroom Deputy at (317) 229-3890 or Chambers_Judge_Olson@insd.uscourts.gov.

## INDEX


**I. General Courtroom Expectations ........ 2**
**II. Motions Practice ........ 2**
- A. Filing Motions with Supporting Briefs and Exhibits ........ 2
- B. Rule 12 Motions ........ 2
- C. Summary Judgment Motions ........ 3
- D. Motions to Extend the Dispositive Motion Deadline ........ 4
- E. Motions for Preliminary Injunctive Relief ........ 4
- F. Objections under Federal Rule of Civil Procedure 72(a) ........ 4
- G. Statement of Claims or Defenses ........ 5
- H. Page Limit Extensions ........ 5
- I. Oral Argument ........ 5
- J. Pending Ripe Motions ........ 6
- K. Disclosure and Use of Artificial Intelligence (AI) ........ 6
- L. Footnotes ........ 6
- M. Supplemental Authority ........ 6

**III. Trial ........ 7**
- A. The Final Pretrial Conference ........ 7
- B. The Venire and Voir Dire ........ 8
- C. Jurors ........ 9
- D. Opening Statements and Closing Argument ........ 9
- E. Examination of Witnesses ........ 10
- F. Experts ........ 10
- G. Objections to Questions ........ 11
- H. Difficult Issues—Advance Notice ........ 11
- I. Stipulations ........ 11
- J. Use of Depositions ........ 12
- K. Exhibits ........ 12
- L. Jury Instructions and Verdict Forms ........ 15
- M. Logistics and Housekeeping ........ 15
- N. Facilities ........ 16
- O. Transcripts ........ 17

**Appendix A: Filing Exhibits and Proper Citations ........ 18**

## I. GENERAL COURTROOM EXPECTATIONS

A. Arrive in the courtroom at least 15 minutes before the scheduled start time of the hearing or proceeding. This ensures that counsel have time to confer if needed and otherwise prepare for the hearing to start on time.

B. Know the Federal Rules of Civil and/or Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Southern District of Indiana.

C. Stand when speaking.

D. Address the Court, not opposing counsel.

E. Conversation between counsel and/or parties when opposing counsel is questioning or arguing must not be distracting to others.

F. Cellular phones may be used outside the courtroom but must be turned off (not just on silent or vibrate) in the courtroom.

## II. MOTIONS PRACTICE

### *A. Filing Motions with Supporting Briefs and Exhibits*

Motions and exhibits must be filed before supporting briefs so that the brief's citations refer back to the motion's or exhibits' docket numbers. Exhibits may be attached to the motion, as **Appendix A** shows, or filed separately. If filed separately, the motion must be filed before the exhibits.

When electronically filing exhibits, number the exhibits and add a descriptive identifier. *E.g.*, "Ex. 1 – Smith Dep." or "Ex. 3 – Smith Employment Agreement" instead of just "Exhibit 1" or "Exhibit 3."

See **Appendix A** to these Practices and Procedures for examples of proper descriptive identifiers for electronically filed exhibits.

### *B. Rule 12 Motions*

1. Plaintiffs may generally amend their complaints "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1). When a complaint is amended, the Court's standard practice is to deny a Rule 12 motion without prejudice as moot.

2. Collateral motions in the Rule 12(b)(1) motion process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence in support of jurisdictional facts should be addressed in the

briefs. *Cf.* S.D. Ind. L.R. 56-1(i).

### *C. Summary Judgment Motions*

1. At least twenty-eight (28) days before the dispositive motion deadline, counsel planning to move for summary judgment must contact opposing counsel to determine if any other party also plans to move for summary judgment. If opposing parties plan to move for summary judgment, the following modified briefing process applies:
   a. Motion and Brief in Support by Party A (limited to 30 pages);
   b. Within 28 days after Party A serves the Motion, Party B files and serves the Cross-Motion, Brief in Support, and Response in Opposition (limited to 45 pages);
   c. Within 28 days after Party B serves the Cross-Motion and Response, Party A files and serves the Reply in Support of Motion and Response in Opposition to Cross-Motion (limited to 30 pages);
   d. Within 14 days after Party A serves the Reply and Response, Party B files and serves the Reply in Support of Cross-Motion (limited to 15 pages).

2. If a party believes that a different process or schedule for cross-motions for summary judgment is appropriate, the party may move for an alternative briefing process or schedule, stating the position of all other counsel and describing the parties' efforts to meet and confer on the alternative briefing process or schedule.

3. The parties are reminded that "[c]ollateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs." S.D. Ind. L.R. 56-1(i).

4. Briefs on summary judgment shall comply with Local Rule 56-1(e):

   > "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence."

   *See also* Fed. R. Civ. P. 56(e). Parties therefore must specifically cite evidence for each fact in the fact and argument sections. Unsupported facts may be disregarded. *See Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 769 F.3d 944 n.1 (7th Cir. 2014).

5. Deposition Citations & Excerpts

   Deposition cites must include specific page and line numbers. The cited pages—and at least the three pages immediately preceding and following—must be included as an exhibit to the summary judgment motion. If any portion of the excerpted deposition transcript references any deposition exhibit(s), all referenced exhibits must also be included as exhibits to the summary judgment motion. The Court may decline to consider evidence that does not include the entire excerpts or referenced deposition exhibit(s).

6. Citation Form

   See **Appendix A** to these Practices and Procedures for examples of proper citation format. In a supporting brief, cite the docket number, the attachment number (if any), and the .pdf page number. For example:

   > Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012. Dkt. 42-8 at 5.

   That citation would refer to page five of attachment eight to the item filed as docket number 42.

### *D. Motions to Extend the Dispositive Motion Deadline*

The Court's Uniform Case Management Plan anticipates at least 180 days between the dispositive motion deadline and trial. Absent a compelling reason, counsel should not seek any extension of time of the dispositive motion deadline if it would shorten the 180-day period. If the 180-day period is compromised by any extension sought, the scheduled trial date may be lost.

### *E. Motions for Preliminary Injunctive Relief*

In addition to the requirements set forth in Federal Rule of Civil Procedure 65, motions for a temporary restraining order or preliminary injunction shall also address:

1. When the alleged irreparable harm will occur.
2. Whether discovery will be required, with a brief explanation of the discovery sought.
3. Whether counsel seeks an evidentiary hearing or oral argument.
4. A proposed timeline for any discovery, hearings, and rulings.

### *F. Objections under Federal Rule of Civil Procedure 72(a)*

Responses to any Objections to a Magistrate Judge's non-dispositive pretrial

ruling under Federal Rule of Civil Procedure 72(a) shall be due within 14 days after service of the Objection. The Court will review all prior briefing submitted to the Magistrate Judge in addition to any Objection and Response. The parties need not re-brief the matter but should tailor their argument to the objectionable aspects of the non-dispositive pretrial ruling. Objections and Responses shall be limited to 15 pages. No Reply in support of the Objection will be considered.

### *G. Statement of Claims or Defenses*

The Court's Uniform Case Management Plan orders the parties to file a Statement of Claims or Defenses, generally sometime after non-expert discovery has been completed but before the filing of dispositive motions. The Statement of Claims must specifically identify the claims raised, characterizing each theory of recovery, and identifying the claims raised against each defendant. If a defendant intends to assert any affirmative defenses, it must file a Statement of Defenses. Failure to file a Statement of Claims or Defenses by the deadline set forth in the Case Management Plan may result in the waiver of claims, theories of recovery, or affirmative defenses.

### *H. Page Limit Extensions*

1. Motions to exceed page limitations are disfavored and in most cases will be denied.

2. "The court may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons." Local Rule 7-1(e)(2). Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension.

3. Vague references to the complexity of the issues do not provide a sufficient basis for additional pages. Most cases filed in federal court are complex.

4. The parties may not stipulate to additional pages. Any party seeking an extension must file a motion.

5. If a party files a motion to extend the page limit at the same time the party's brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating this rule. The Court will also not consider any arguments made in pages which exceed the Local Rules' requirements.

### *I. Oral Argument*

Parties may move for oral argument on civil motions. Motions for oral argument should explain precisely how oral argument will aid the Court's consideration of

the motion and should also suggest how much time each side should receive. Ordinarily, each side will receive the same amount of argument time, even if there are multiple parties on one or both sides.

### *J. Pending Ripe Motions*

If a motion for summary judgment has been fully briefed for 180 days or any other motion has been fully briefed for 90 days—or in exceptional circumstances—counsel may file a status update explaining the effect of the pending motion on the parties and case progress. Such status updates are helpful to the Court. Counsel may not ask off the record about when the Court may rule on a substantive motion.

### *K. Disclosure and Use of Artificial Intelligence (AI)*

All counsel and *pro se* parties must disclose the use of generative artificial intelligence (AI) to generate, draft, or revise the content of documents submitted to the Court or chambers. If AI was used in this way to prepare a document, signing counsel and/or *pro se* parties are REQUIRED to sign and file a Certificate Regarding Use of Artificial Intelligence, stating as follows:

> "This document was generated with the assistance of [identify AI tool name]. I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority and any characterization or summary thereof pursuant to Rule 11 of the Federal Rules of Civil Procedure."

Counsel and *pro se* parties are cautioned that mistake, lack of technical expertise, and time constraints are typically not recognized by the Court as a good faith excuse for submission of documents that either violate Rule 11 or this disclosure rule. In particular, arguments in briefs to the Court which are supported by AI-generated or "hallucinated" caselaw (*i.e.*, cases that do not actually exist) are unacceptable. Failure to comply with this rule and citation to caselaw that does not actually exist may result in appropriate sanctions, up to and including dismissal and/or default judgment.

### *L. Footnotes*

The Court does not deem information contained in footnotes to be argument. Accordingly, counsel should include all argument in the body of the brief.

### *M. Supplemental Authority*

Unless it is a relevant appellate opinion decided after the close of briefing but

before ruling, the Court will not consider "supplemental authority" filed after briefing on a motion is complete. Appropriate supplemental authority as described above is limited to a citation to a case and does not contemplate any argument. If a party wishes to file supplemental authority other than as described above, it must seek leave to do so, but the Court will grant such leave only in exceptional circumstances.

## III. TRIAL

### *A. The Final Pretrial Conference*

1. The Court will hold a final pretrial conference before the trial. Counsel must be prepared to address any pending motions, objections, and issues related to voir dire and jury instructions at the final pretrial conference.

2. The Court will issue an order setting deadlines for certain filings. In civil cases, those deadlines are intended to be consistent with CMP deadlines, but if they differ, the order controls.

3. Counsel shall meet and confer before the final pretrial conference to attempt to agree on items in the final pretrial order and below.

4. The parties are expected to work together to prepare the filings required by the final pretrial order.

5. Motions in limine should be filed as one document numerically listing each issue to be addressed. The opposing party must respond to each issue with either "no objection," or "objection" with supporting argument.

6. The agenda for the final pretrial conference typically includes the following items:
    a. Discuss voir dire process, length of opening statements, and length of closing arguments.
    b. Review witness lists to determine who will testify, the subjects of their testimony, and any concerns about the availability of certain witnesses.
    c. Discuss stipulations.
    d. Review exhibit lists and discuss admissibility and objections. Bring copies of proposed exhibits to the conference (as discussed below).
    e. Discuss testimony that will be offered through a deposition.
    f. Discuss motions in limine and objections.
    g. Discuss preliminary instructions and objections.
    h. Discuss status of final jury instructions, objections, and verdict forms.
    i. In criminal cases, discuss potential forfeiture and status of plea negotiations.

j. In civil cases, discuss status of settlement negotiations.

### *B. The Venire and Voir Dire*

1. Copies of questionnaires which the venire has completed will be available to counsel at noon on the business day before the trial starts. The questionnaires must be returned to the Courtroom Deputy as soon as the jury has been chosen.

2. A seating chart will be available on the morning of trial.

3. Jurors are assigned numbers and must always be referred to by Juror Number rather than name.

4. The Court will initiate and conduct the first part of the voir dire. Pursuant to the Court's scheduling orders, counsel may submit before trial any questions they would like the Court to ask.

5. After the Court concludes its voir dire, counsel will have a brief opportunity (usually fifteen to thirty minutes per side) to question the panel. Counsel conducting voir dire should do so standing at the lectern.

6. Examples of inappropriate voir dire:
   a. Argument.
   b. Asking jurors if they will be able to enter a certain verdict.

7. In civil cases, each side will generally have three peremptory challenges for the entire venire. On a case-by-case basis, depending on the number of prospective jurors summoned and the number of prospective jurors excused for cause, additional peremptory challenges may be granted. After all challenges, the appropriate number of jurors will be chosen in order of lowest draw numbers.

8. In civil cases, the Court ordinarily seats eight jurors with all jurors to deliberate, and no alternate jurors.

9. In criminal cases, ordinarily, the government will have six peremptory challenges, and the defense will have ten peremptory challenges, plus any additional challenges for alternate jurors. Fed. R. Crim. P. 24.

10. All peremptory challenges will be exercised simultaneously and in writing. A party cannot collaborate with another party while exercising challenges without leave of Court.

### *C. Jurors*

1. Jurors are permitted to take notes in notebooks that will accompany them during their deliberations.

2. Do not exhibit familiarity with jurors. Jurors should not be addressed individually or by name.

3. Do not exhibit familiarity with witnesses or opposing counsel in front of jurors.

4. No person in the courtroom should ever exhibit, by facial expression, bodily movement, or other conduct, any opinion—e.g., surprise, happiness, disbelief, or displeasure—about any testimony, argument, or ruling. Counsel should admonish their clients and witnesses to avoid such behavior. Visitors who cannot abide by this requirement will be asked to leave the courtroom.

### *D. Opening Statements and Closing Argument*

1. Counsel should remain near the lectern during opening statements and closing argument.

2. The amount of time for opening statements will ordinarily be set at the final pretrial conference, and the amount for closing arguments will be set at trial.

3. When opposing counsel is speaking, never divert the attention of the Court or the jury. Instruct clients and witnesses to do the same.

4. During opening statements, do not use an exhibit without the Court's approval unless admissibility is stipulated.

5. Confine opening statements to what you expect the evidence to show. It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express counsel's personal opinion.

6. If plaintiff suggests a damages number to the jury in closing argument, it must be stated in the opening segment of the closing argument so that defendant can respond.

7. Although plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

8. Jurors' comments after trials have indicated that they resent long closing arguments. Be brief.

9. Closing arguments must be based on the evidence and reasonable inferences from the evidence. Do not attack opposing counsel, offer personal beliefs or opinions, or make statements that inflame passion or prejudice. Know what's proper in closing argument and what's not. *See United States v. Klebig*, 600 F.3d 700, 718–19 (7th Cir. 2009).

10. A party is encouraged to refer to the final jury instructions during closing argument.

***E. Examination of Witnesses***

1. When the trial begins, please provide the Court and the Court Reporter with a list of witnesses you expect to call and the order in which they will be called. Please have correct spellings for the Court Reporter.

2. Counsel shall examine witnesses from the lectern.

3. Direct all witnesses to spell their names on the record.

4. Witnesses are to be asked questions, not argued with or given editorial commentary about their answers.

5. Do not display an exhibit to the jury until it has been admitted into evidence.

6. When the purpose of approaching the witness is to work with an exhibit, prior permission of the Court need not be sought. During a jury trial, the witness and the exhibit (if enlarged) should be facing the jury so that you can be seen and heard. Counsel should resume the examination of the witness from the lectern when finished with the exhibit.

***F. Experts***

1. After establishing qualifications, counsel shall request that the Court designate the witness as an "expert." *See United States v. Jett*, 908 F.3d 252, 260 n.1, 266 (7th Cir. 2018). In a bench trial, the parties are encouraged to stipulate to the admissibility of any expert's CV and stipulate to the expert's qualifications.

2. Medical experts who have been deposed and routinely examine and treat patients in their practices will be presumed "unavailable" for in-court testimony under Fed. R. Civ. P. 32(a)(4) so that their deposition testimony may be offered into evidence at trial in that case by any party. This presumption applies even if their deposition testimony is offered as firsthand observations rather than as expert opinion. This presumption is to avoid inconvenience and delay to jurors, health care providers, and

patients caused by the scheduling of in-court testimony. If a party objects to this presumption and the admissibility of deposition testimony instead of in-court testimony, a written objection must be filed **at least 30 days before trial.** A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32 that the deposition testimony ought to be admitted.

### *G. Objections to Questions*

1. Stand when making objections. This calls the Court's attention to you and allows you to be heard more readily.

2. When making an objection, state only that you are objecting and specify the ground or grounds for that objection.

3. Objections must be brief and shall not recapitulate testimony or attempt to guide the witness.

4. The Court will ordinarily ask for a brief response from opposing counsel. Counsel shall not argue further without permission.

5. Only the attorney who handles the direct examination of a witness may raise objections when other counsel is examining the witness. Only the attorney who will cross-examine a witness may raise objections during direct examination.

### *H. Difficult Issues—Advance Notice*

If counsel anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the jury's presence, counsel should confer and attempt to resolve the matter. If agreement is not possible, counsel should give advance notice to the Court to allow for appropriate scheduling arrangements.

### *I. Stipulations*

1. Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged but expected.

2. The preferred exhibit stipulation for jury trials is that exhibits are admissible and may be used at any place in the trial.

3. The preferred exhibit stipulation for bench trials is that exhibits are admissible and may be used at any place in the trial. Only exhibits mentioned during the trial will be considered as having been admitted into evidence unless the parties specifically stipulate otherwise.

### *J. Use of Depositions*

1. Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial. This matter will ordinarily be addressed in the pretrial conference.

2. When a deposition is read for impeachment, the relevant excerpts must be identified orally for the record by line and page reference. Counsel should ordinarily allow the witness to read the excerpts after the identification has been made for the record. A deposition used for impeachment need not be filed or marked as an exhibit.

3. Confer with opposing counsel to edit depositions to be used at trial, including video depositions, and remove unnecessary material.

4. The party seeking to use the deposition shall place a person in the witness box and read the selected questions, with the person in the box reading the answers of the deposed witness to those questions. The portions of a deposition to be read shall be marked on the transcript and marked and offered as an exhibit at trial. If objections were made at the deposition, counsel should confer before the final pretrial conference and raise any unresolved objections at the final pretrial conference. The exhibit shall not be included with the exhibits provided to the jury for deliberations.

5. If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits but shall not be included with the exhibits provided to the jury for its deliberations.

6. The parties should stipulate, if possible, that the reporter does not take the reading of depositions.

7. Summaries of deposition transcripts are acceptable only by stipulation.

### *K. Exhibits*

1. All exhibits should be identified by number only ("Exhibit 1" as opposed to "Plaintiff's Exhibit 1" for example). **Counsel shall confer and agree on a numbering system from the beginning of discovery that avoids confusion and duplication.** The recommended numbering system marks the first deposition exhibit No. 1 and so on up to No. 8, for example, for the last one. The first exhibit in the second deposition should be marked No. 9 and so on. Thus, for example, the employment contract would be the same exhibit with the same number for all depositions. Then, the same exhibit numbers would be used for trial purposes. Numbers for trial exhibits need not be consecutive.

2. Counsel should move for the admission of stipulated exhibits at the beginning of trial. Other exhibits should be offered in evidence when they become admissible, rather than at the end of a witness's testimony or counsel's case.

3. Counsel shall prepare an electronic file containing PDF files of the exhibits identified by exhibit number and provide that file to the Court no later than **one week before trial.** Counsel shall also provide 3 binders with the documentary exhibits to the Court at the final pretrial conference. Oversized exhibits may be excluded. If the parties wish to rely exclusively on binders and not electronic files to present documentary exhibits at trial, Counsel are directed to raise this with the Court at the final pretrial conference and explain why electronic presentation of evidence is not preferred.

4. Demonstrative exhibits should be shown to opposing counsel before trial. The parties must object to a demonstrative exhibit at the first opportunity. Only unopposed demonstrative exhibits may be shown to the jury without leave of Court.

5. During trial, non-electronic exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or binder. Each counsel is responsible for exhibits taken from the table or the witness stand. Counsel must return all exhibits to the table or witness stand at each recess or adjournment. Exhibits that have been offered but not admitted are also part of the record of the case and are kept by the Courtroom Deputy.

6. Each counsel shall keep a list of admitted exhibits. Counsel and the Courtroom Deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury. Counsel shall substitute photographs for controlled substances, currency, firearms, and other dangerous or organic materials.

7. If an exhibit must be marked for identification in open Court, counsel should state for the record what they are doing and briefly describe the nature of the exhibit. Counsel should not expect the Court to provide exhibit labels.

8. Ordinarily, exhibits admitted into evidence may be displayed to the jury either at the time of admission or in conjunction with other exhibits at the conclusion of the witness's examination by the "offering" counsel, but counsel must seek permission of the Court to display evidence to the jury.

9. When counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

10. When maps, diagrams, pictures, or similar materials are used as exhibits, and witnesses or counsel point out locations or features on such documents, those locations should be appropriately marked on the documents if they are not clear from the exhibits themselves. Unnecessary markings should be avoided. Markings on exhibits should be made only after conferring with opposing counsel and receiving the Court's permission. Counsel should describe the markings for the record. Counsel may use exhibits with overlays or moveable parts, as these features are useful.

11. When counsel expect to offer answers to interrogatories or requests for admissions extracted from separate documents, prepare copies of the individual materials so that the Court and jury do not wait for counsel to locate the items. The copies should only be the particular interrogatory or request to admit with the caption and signature page. These materials should ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

12. If a document is not in the set of electronic PDFs supplied to the Court or exhibit binders but may be admitted into evidence, have an appropriate number of copies on three-hole punched paper so that if admitted, the exhibits may be distributed to the Court, opposing counsel, and the Courtroom Deputy for inclusion in binders.

13. Each page of each exhibit should have an identifying number. **The parties are strongly encouraged to affix Bates numbers to all documents when producing them in discovery.**

14. If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and their numbering is not consistent with the numbering system used at trial, the parties should create a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits.

15. If oversized exhibits are to be used, counsel must make arrangements with the Courtroom Deputy **at least two weeks before trial.**

16. Be sure there is a proper line of sight for the jury, Court, witness, and counsel when using easels, oversized exhibits, and models.

17. Demonstrative exhibits are not sent to the jury room for deliberations unless the parties agree otherwise.

***L. Jury Instructions and Verdict Forms***

1. Proposed jury instructions and verdict forms must be filed and served. A Microsoft Word version of filed jury instructions and verdict forms must be emailed to Chambers_Judge_Olson@insd.uscourts.gov.

2. Proposed instructions must cite their source and, if not a Seventh Circuit pattern instruction, supporting authority.

3. The Court will hold an instructions conference during trial, generally near the conclusion of the evidence and at a time that will not inconvenience the jury. The Court will provide draft jury instructions and verdict forms to counsel before the conference.

4. Ordinarily, the Court will read most of the final jury instructions to the jury before closing arguments.

***M. Logistics and Housekeeping***

1. Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers should be addressed to the Court.

2. After trial has begun, documents should be filed electronically or given to the Courtroom Deputy—not the Clerk's Office—for filing.

3. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. Trial proceedings will start at 9:00 a.m. on the first day of trial. Counsel are to be ready at 8:00 a.m. on the first day of trial to discuss any remaining preliminary matters before the start of voir dire. Never be late.

4. A typical trial day will include a mid-morning break, lunch around noon, and a mid-afternoon break with the jury leaving around 5:00 p.m. The Court may resume a jury trial after a break without the parties if they fail to return within the prescribed time. Counsel should alert the Court whenever any witness must be held over until the next day. The Courtroom Deputy should be informed of any anticipated scheduling problems, and the Court will attempt to work with counsel to resolve them.

5. If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when Court is resumed.

6. If a recess or adjournment follows the conclusion of a witness's testimony, the next witness should be ready to take the stand when trial resumes.

7. If a witness's testimony is expected to be brief, have the next witness

immediately available, ordinarily in the witness room. If there is a substantial delay between witnesses, the Court may deem that you have rested.

8. The Court attempts to cooperate with the schedules of non-party witnesses and will consider permitting them to testify out of sequence. Discuss that possibility with opposing counsel and advise the Courtroom Deputy, including whether there is an objection.

9. If both parties expect to call a witness, the Court will usually require all questioning of the witness to be completed when called in the plaintiff's case (in civil trials) or the government's case (in criminal trials).

### *N. Facilities*

1. The Court may provide a TV, DVD player, an easel, a dry erase board, and markers if counsel so arranges with the Courtroom Deputy before trial begins. Counsel should expect to bring any other equipment, such as overhead projectors, screens, and other easels that they expect to use.

2. If counsel wish to use one of the Video Evidence Presentation Systems ("VEPS") owned by the Southern District of Indiana, they must coordinate with the Courtroom Deputy **<u>at least 3 weeks before trial,</u>** unless the case management plan dictates a different period. If a VEPS is unavailable, counsel will need to provide any equipment.

3. Counsel should discuss with the Courtroom Deputy whether a witness room will be available. If available, witnesses should generally be asked to report to the witness room.

4. Chambers supplies, including the telephones and copier, are not available to counsel, nor are counsel or witnesses permitted to store items in chambers. Counsel should not enter chambers or the jury room unless invited by Court staff.

5. Cellular phones may be used outside the courtroom but must be turned off (not just on silent or vibrate) in the courtroom.

6. On trial days, the courtroom will be opened by 8:00 a.m., but can be opened earlier if coordinated in advance with the Courtroom Deputy.

7. The courtroom may be locked during the noon recess, and Court staff may not be present to allow access to any materials left in the courtroom.

8. The courtroom will be locked overnight and counsel will not have access.

9. Food and drinks are not allowed in the courtroom, except for water. A pitcher of water and cups will be made available for each table and the witness chair.

### *O. Transcripts*

1. Daily transcripts of testimony must be arranged directly with the Court Reporter at least two weeks before trial.

2. Transcripts of Court proceedings must be arranged with the Court Reporter, preferably before the start of the proceeding.

3. **At least 3 days before trial,** counsel shall provide the Court Reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a typical spell check.

## APPENDIX A: FILING EXHIBITS AND PROPER CITATIONS

**Step 1 – Filing Exhibits**

- Motions and exhibits must be filed before supporting briefs so that the brief's citations refer back to the motion's and exhibits' docket numbers. Exhibits may be attached to the motion, as shown below, or filed separately. If filed separately, the motion must be filed before the exhibits.

- *If filing an opening brief*: First, electronically file the motion, attaching any exhibits that will be cited in the supporting brief:

| | | |
|---|---|---|
| 03/01/2021 | 38 | MOTION *for Summary Judgment*, filed by Plaintiff ROBERT SMITH. (Attachments: # 1 Exhibit 1 Johnson Aff., # 2 Exhibit 2 Johnson Dep. Excerpts) (Jones, John) (Entered: 03/01/2021) |

- *If filing a response, reply, or surreply with exhibits*: First, file an appendix or index of exhibits, attaching any exhibits that will be cited in the supporting brief:

| | | |
|---|---|---|
| 03/30/2021 | 42 | Appendix of Exhibits in Support of RESPONSE in Opposition re 38 MOTION for Summary Judgment, filed by Defendant ABC, INC. (Attachments: # 1 Ex. A: Smith Dep. Transcript, # 2 Ex. B: Smith Dep. Exhibits 1-5, # 3 Ex. C: Smith Employment Agreement, # 4 Ex. D: Jackson Decl. with Exhibits 1–3 (Smith, Susan) (Entered: 03/30/2021) |

- When electronically filing exhibits, number the exhibits and add a descriptive identifier. *E.g.*, "Ex. 1 – Smith Dep." or "Ex. 3 – Smith Employment Agreement" instead of just "Exhibit 1" or "Exhibit 3."

  Example:

| **Attachment** | **Description** | | |
|---|---|---|---|
| 1 | Exhibit A: Smith Dep. Transcript | 52 pages | 4.1 mb |
| 2 | Exhibit B: Smith Dep. Exhibits 1–5 | 32 pages | 3.8 mb |

| | | | |
|---|---|---|---|
| 3 | Exhibit C: Smith Employment Agreement | 15 pages | 1.3 mb |
| 4 | Exhibit D: Jackson Decl. with Exhibits 1–3 | 20 pages | 1.7 mb |

- When citing deposition testimony, the cited pages—and at least the three pages immediately preceding and following—must be included as an exhibit to the summary judgment motion. If any portion of the excerpted deposition transcript references any deposition exhibit(s), all referenced exhibits must also be included as exhibits to the summary judgment motion. The Court may decline to consider evidence that does not include the entire excerpts or referenced deposition exhibit(s).

**Step 2 – Citing Exhibits**

- Briefs must cite the docket number, the attachment number (if any), and the .pdf page number as it appears in the header at the top of the previously filed exhibit. For example:

  > Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012. Dkt. 42-8 at 5.

  That citation would refer to page five of attachment eight to the item filed as docket number 42.

- When citing deposition transcripts, cite the specific page and line numbers of the deposition in addition to the docket number and page number citation format set forth above. For example:

Case 1:26-1234-JRO-MJD Document 38-2 Filed 03/01/21 Page 3 of 24 Page ID #: 239

10

ever worked as a call service representative for another --
A No, that's my first time.
Q Okay. And did you have any -- before you started work at , had you had any training at all in, in telephone communications or anything?
A Not for sales, yeah, not for sales. My very first job at the Illinois Department of Transportation, I was a switchboard operator. I just switched phones, incoming calls, to the respective party they wanted to speak to but nothing in sales, no.

12

Q And then have you worked with other team managers?
A Yes.
Q Who else have you worked with?
A
Q
A
Q

The proper cite is: Dkt. 38-2 at 3 (Johnson Dep. at 10:4–13).

- When citing a document (such as a complaint or declaration) with both page and paragraph numbers, cite the specific paragraph number(s) of the document in addition to the docket number and page number citation format set forth above. For example: Dkt. 38-2 at 3 (Johnson Decl. ¶ 10).