**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNIVERSITY OF INDIANAPOLIS, | ) | |
| *Plaintiff*, | ) | |
| vs. | ) | Case No.: 1:26-cv-01669-JRO-MKK |
| | ) | |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) | |
| *Defendant*. | ) | |

**INDIANA UNIVERSITY'S PARTIAL MOTION TO DISMISS AND**
**MOTION FOR MORE DEFINITE STATEMENT**

Defendant The Trustees of Indiana University ("IU") respectfully moves for partial dismissal of the Complaint filed by University of Indianapolis ("UIndy") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Additionally, IU moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

*First,* partial dismissal of the damages claims is required under the Eleventh Amendment and *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd*., 527 U.S. 666, 691 (1999). In that Lanham Act case, the Supreme Court held that "the sovereign immunity of the State of Florida was neither validly abrogated by the Trademark Remedy Clarification Act, nor voluntarily waived by the State's activities in interstate commerce" and that "federal courts are without jurisdiction to entertain this suit against an arm of the State of Florida." So it is here as to the damages claims against IU, which is an arm of the State of Indiana. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). Dismissal of the damages claim is required.

*Second,* beyond the Eleventh Amendment, the claims for damages do not meet the plausibility standards of *Iqbal*/*Twombly* and fail under Rule 12(b)(6). *Ashcraft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, UIndy requests damages [ECF1], but nowhere in its Complaint offers anything beyond conclusory assertions that it is "entitled to, among other relief, . . .

an award of actual damages, IU's profits, enhanced damages and profits . . . ." [*Id.* ¶¶ 37, 44]. This does not survive Rule 12(b)(6) plausibility scrutiny. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (courts first weed out "conclusory" statements and focus on "particularized factual content").

*Third*, UIndy's Complaint is so vague and ambiguous that IU cannot reasonably prepare a responsive pleading, thus requiring a more definite statement. The primary basis for this motion is that the Complaint presents two undefined mark groupings: it broadly and impermissibly purports to define UIndy's own asserted rights through repeated use of the undefined term "UINDY Marks," while also lumping IU's four distinct marks together as the "Infringing Marks." The Complaint then alleges that the undefined "Infringing Marks" are confusingly similar to the equally undefined "UINDY Marks," leaving IU unable to discern which rights are asserted against which marks.

Accordingly, UIndy's damages claim is barred by the Eleventh Amendment, as well as *Iqbal/Twombly*. IU respectfully requests dismissal of the damages claims.

IU also asks the Court to grant its motion for a more definite statement and order UIndy to file an amended complaint that:

(a) defines the "UINDY Marks" by identifying the specific registered and common law marks and rights UIndy asserts;

(b) identifying which specific IU marks allegedly infringe each right asserted by UIndy;

(c) specifies the particular acts of IU that constitute the alleged infringement, including which specific goods, services, or uses are at issue for each allegedly infringing IU mark; and

(d) defines the common-law trademark rights UIndy asserts, including the specific marks subject to common law protection, the goods and services covered by those rights, and the geographic scope and extent of those rights.

Respectfully submitted,
<u>/s/*John R. Maley*</u>
John R. Maley
Caitlin Byczko
Amanda Gallagher
Barnes & Thornburg, LLP
11 South Meridian
Indianapolis, IN 46024
jmaley@btlaw.com
317.231.7464