**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNIVERSITY OF INDIANAPOLIS, | ) | |
| *Plaintiff*, | ) | |
| vs. | ) | Case No.: 1:26-cv-01669-JPH-MKK |
| | ) | |
| THE TRUSTEES OF INDIANA | ) | |
| UNIVERSITY, | ) | |
| *Defendant*. | ) | |

**IU'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

## INTRODUCTION

Defendant The Trustees of Indiana University ("IU") respectfully moves for partial dismissal of the Complaint filed by University of Indianapolis ("UIndy") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Additionally, IU moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

*First,* partial dismissal of the damages claims is required under the Eleventh Amendment and *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999). In that Lanham Act case, the Supreme Court held that "the sovereign immunity of the State of Florida was neither validly abrogated by the Trademark Remedy Clarification Act, nor voluntarily waived by the State's activities in interstate commerce" and that "federal courts are without jurisdiction to entertain this suit against an arm of the State of Florida." So it is here as to the damages claims against IU, which is an arm of the State of Indiana. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) ("So it seems to follow that the Board of Trustees of Indiana University, like the university, is a state agency. And an examination of the factors relevant for determining whether an entity is an agency of the state leads to that exact conclusion."). Dismissal of the damages claim is required.

*Second,* beyond the Eleventh Amendment, the claims for damages do not meet the plausibility standards of *Iqbal*/*Twombly* and fail under Rule 12(b)(6). *Ashcraft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Here, UIndy requests damages [ECF1], but nowhere in its Complaint offers anything beyond conclusory assertions that it is "entitled to, among other relief, . . . an award of actual damages, IU's profits, enhanced damages and profits . . . ." [*Id.* ¶¶ 37, 44]. This does not survive Rule 12(b)(6) plausibility scrutiny. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (courts first weed out "conclusory" statements and focus on "particularized factual content").

*Third*, UIndy's Complaint is so vague and ambiguous that IU cannot reasonably prepare a responsive pleading, thus requiring a more definite statement. The primary basis for this motion is that the Complaint presents two undefined mark groupings: it broadly and impermissibly purports to define UIndy's own asserted rights through repeated use of the undefined term "UINDY Marks," while also lumping IU's four distinct marks together as the "Infringing Marks." The Complaint then alleges that the undefined "Infringing Marks" are confusingly similar to the equally undefined "UINDY Marks," leaving IU unable to discern which rights are asserted against which marks.

Paragraph 9 lists six federal registrations for the word mark UINDY and also claims common law rights, but the Complaint never formally defines what "UINDY Marks" encompasses; it uses "UINDY Mark" (singular) and "UINDY Marks" (plural) throughout, including in the infringement allegations (¶ 22), Count One (¶ 33), and the prayer for relief.

Separately, Paragraph 21 defines IU's four marks collectively as the "Infringing Marks," but the Complaint never identifies which IU mark allegedly infringes which UIndy right. Specifically, the Complaint: (1) fails to define either the "UINDY Marks" or the "Infringing Marks" with sufficient particularity and impermissibly alleges infringement by one undefined grouping of the other; (2) fails to specify what particular acts constitute infringement; and (3) fails to properly define common law

rights. IU therefore requests that the Court order UIndy to file an amended complaint that cures these deficiencies.[1]

## DISCUSSION

### A. The Eleventh Amendment Precludes Damages Claims Against IU, A State Entity.

UIndy – a private institution – sues IU in this case alleging Lanham Act claims. IU is, of course, a State entity. *See* Ind. Code § 21-7-13-20 ("'Indiana University' refers to the state educational institution established under IC 21-20-2."). As such, IU is entitled to the same immunities and protections as the State of Indiana.

This includes immunity under the Eleventh Amendment for claims of damages. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Accordingly, Indiana – and its State entities such as Indiana University - are protected from damages claims by the Eleventh Amendment.

Thus, in *Porco v. Indiana Univ.*, 453 F.3d 390, 394–95 (7th Cir. 2006), the Seventh Circuit held that "Indiana University is a part of the state, *see Omosegbon v. Wells*, 335 F.3d 668, 672 (7th Cir.2003)," so the Eleventh Amendment protects the defendants from a money judgment. *Accord Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) (Indiana University, as

[1] The Complaint's caption states that this is a "Complaint for Trademark Infringement, Unfair Competition, and Trademark Dilution," and the prayer for relief seeks an injunction against "any activity that is likely to dilute the distinctiveness of Plaintiff's UINDY Mark." [ECF1, at 17] However, the Complaint contains only two counts—Count One for Federal Trademark Infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and Count Two for Federal Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)—and includes no count or factual allegations supporting a claim for trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). IU seeks clarification as to whether UIndy intends to assert a dilution claim and, if so, requests that UIndy be required to plead such a claim with the requisite specificity, including allegations that the UINDY mark is famous under the statute.

a state agency, is protected by the Eleventh Amendment); *Kashani v. Purdue Univ.,* 813 F.2d 843, 844 (7th Cir. 1987) (Purdue protected by Eleventh Amendment from damages); *Mulligan v. Indiana Univ.*, 2021 WL 1225929, *3(S.D. Ind. March 31, 2021) ("The Seventh Circuit has already conclusively established 'that the Board of Trustees of Indiana University'—'IU' here—' is but an agency of the state, which operates the school under state oversight."' (quoting *Peirick*, 510 F.3d at 696)).

*Accord*ingly, the Eleventh Amendment requires dismissal of the damages claims. Under *Ex Parte Young*, 209 U.S. 123 (1908), the injunctive-relief claims for prospective relief would not be precluded by the Eleventh Amendment if UIndy properly names an officer in their official capacity.

**B. UIndy's Conclusory Damages Claims Fail Plausibility Under *Iqbal/Twombly.***

Beyond the Eleventh Amendment, the damages claims also fail under Rule 12(b)(6) for lack of plausibility under *Iqbal/Twombly*. 556 U.S. 662; 550 U.S. 544. Indeed, UIndy requests damages and uses the term eight times in its Complaint [ECF1], but nowhere in its Complaint offers anything beyond conclusory assertions that it is "entitled to, among other relief, injunctive relief and an award of actual damages, IU's profits, enhanced damages and profits . . . ." [*Id.* ¶ ¶ 37,44]

This does not survive Rule 12(b)(6) plausibility scrutiny. *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (courts first weed out "conclusory" statements and focus on "particularized factual content"); *Russell v. Zimmer, Inc.,* 82 F.4th 564 (7th Cir. 2023) (affirming Chief Judge Brady's 12(b)(6) dismissal; plausibility not satisfied). Dismissal of the damages claim is required for this separate, additional reason under Rule 12(b)(6).

**C. The Complaint Is Deficient and Requires a More Definite Statement.**

**1. Legal Standard**

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." Fed. R. Civ. P. 12(e). The purpose of a Rule 12(e) motion is to provide a defendant with sufficient notice of the claims against it so that it may frame a responsive pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding").

As the Seventh Circuit has recognized, "if the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right.'" *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999). Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the plausibility standard requires pleading sufficient facts to give the defendant "fair notice of what the claim is and the grounds upon which it rests."

A motion for a more definite statement is particularly appropriate in trademark cases where the Complaint identifies multiple marks but fails to specify which marks are allegedly being infringed and how. *See, e.g.*, *Allison Transmission, Inc. v. FleetPride, Inc.*, 2017 WL 1282994, at *2 (S.D. Ind. Apr. 5, 2017) (granting motion for more definite statement where plaintiff identified thirteen trademarks but merely alleged defendant infringed "one or more" of those marks).

**2. The Complaint Fails to Define Either the "UINDY Marks" or the "Infringing Marks" and Impermissibly Alleges Infringement of One Undefined Grouping by Another.**

The Complaint's infringement theory rests on two groupings of marks. First, the "UINDY Marks," purportedly representing UIndy's asserted rights, and second, the "Infringing Marks," which represent IU's allegedly infringing marks. Notably, neither grouping is adequately defined.

The Complaint lists six federal registrations for the word mark UINDY covering different goods and services [ECF1, ¶ 9] and also asserts common law rights [ECF1, ¶¶ 9, 14], but never defines what the term "UINDY Marks" encompasses. The Complaint uses "UINDY Mark" (singular) and

"UINDY Marks" (plural) interchangeably without any formal definition. It is unclear whether "UINDY Marks" refers to all six registrations, to certain registrations and not others, to the common law rights, to design elements, or to some other combination.

The Complaint then separately identifies four distinct IU marks: the IUINDY Word Mark '051 (Serial No. 98414051), the IUINDY and Design Mark '770 (Serial No. 98413770), the IUINDY and Design Mark '774 (Serial No. 98413774), and the IUINDY JAGUARS Word Mark '777 (Serial No. 98413777) and defines them collectively as the "Infringing Marks." [ECF1, ¶ 21]

The Complaint proceeds to allege, in blanket fashion, that "[t]he Infringing Marks adopted and used by IU are confusingly similar to UIndy's UINDY Marks." [ECF1. ¶ 22] But it does not specify *which* IU mark allegedly infringes which UIndy right. Each IU mark has different wording and specific design elements, and the Complaint does not identify the corresponding UIndy mark or right allegedly infringed. The result is a pleading that leaves IU to guess which marks UIndy claims and which IU marks allegedly infringe them.

This is precisely the type of impermissible "shotgun" pleading that courts routinely reject. UIndy cannot lump together four distinct marks, including additional distinctive words like JAGUARS, and allege that the group as a whole infringes an undefined group of UIndy rights. Nor can it use an undefined term to identify the universe of UIndy marks allegedly infringed.

The resulting pleading leaves IU to guess **both** which marks UIndy claims and which IU marks allegedly infringe them. *See Valoro, LLC v. Valero Energy Corp.*, No. 14-cv-21694, 2014 WL 3920035, at *5 (S.D. Fla. Aug. 11, 2014) ("Merely listing a plurality of marks which a trademark holder has acquired prior rights through use in commerce is not enough to put a party on notice of trademark infringement.").

This Court addressed this same notice problem in *Allison Transmission, Inc. v. FleetPride, Inc.*, No. 1:16-cv-02455-LJM-MJD, 2017 WL 1282994, at *2 (S.D. Ind. Apr. 5, 2017), where the plaintiff

identified thirteen trademarks but merely alleged the defendant infringed "one or more" of those marks. The Court granted the motion for more definite statement, finding that "Allison's factual allegations do not provide sufficient detail to put Fleetpride on notice as to which trademarks it allegedly infringed, or how it allegedly infringed them," and ordered the plaintiff to "file a second amended complaint that more clearly defines which of its trademarks it believes [defendant] infringed and details how it believes [defendant] infringed those marks." *Id.*

The Complaint here is deficient in both directions: it does not define which of UIndy's six registrations, common law rights, or other asserted marks comprise the "UINDY Marks," and it does not identify which of IU's four "Infringing Marks" allegedly infringes each asserted right. *Allison* therefore supports requiring UIndy to define both sides of the alleged comparison and explain how each IU mark allegedly infringes each identified UIndy mark or right.

Other courts have reached the same conclusion. *See Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2006 WL 1793571, at *2 (N.D. Ill. June 26, 2006) ("Wrigley must do more than assert that Cadbury is infringing on some unspecified trademark. Wrigley must clearly identify the core basis of the trademark infringement claim by making clear what trademark or trademarks are allegedly being infringed upon by Cadbury."); *Monster Cable Prods., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal. 2009) (ordering plaintiff to provide more definite statement identifying each of its marks, whether registered or unregistered, that have allegedly been infringed). These decisions reinforce that plaintiff must identify each asserted mark (registered or unregistered) and the specific mark or marks allegedly infringing it. A collective reference to undefined or mixed groupings does not provide fair notice.

Here, the Complaint is even more deficient because UIndy asserts rights in six federal registrations covering a wide range of goods and services—from educational services to clothing to stationery to drinkware—and also invokes common law rights, but never defines its own "UINDY

Marks," while simultaneously lumping all four of IU's distinct marks together as the "Infringing Marks." IU therefore faces the impossible task of matching one undefined set of asserted UIndy rights against another undefined set of allegedly infringing IU marks.

The Complaint must identify which specific UIndy marks or rights are asserted, which specific IU marks allegedly infringe each asserted right, and the goods or services and conduct implicated by each pairing. Without this basic information, IU cannot reasonably prepare a defense.

**3. The Complaint Fails to Adequately Allege How Infringement Occurs.**

Beyond failing to identify which marks are at issue, the Complaint also fails to specify what specific acts of IU constitute the alleged infringement. The Complaint alleges only, in conclusory fashion, that "IU sells, offers for sale, or intends to offer for sale, educational services, athletic competitions, and apparel using the IUINDY Marks in the United States in interstate commerce." [ECF1, ¶ 23] This allegation does not identify any specific use of any specific mark on any specific good or service that constitutes the allegedly infringing conduct.

A trademark infringement claim requires more than a bare allegation that a defendant "uses" certain marks in commerce. The plaintiff must allege facts sufficient to give the defendant fair notice of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, IU is left to guess whether UIndy's Complaint targets IU's use of the marks on apparel, in connection with educational services, on printed materials, in advertising, in athletics, or in some other context. The Complaint does not identify a single specific allegedly infringing product, advertisement, or use.

IU cannot reasonably prepare a defense without knowing which specific uses are at issue. For example, IU's potential defenses may differ depending on whether UIndy alleges infringement based on use of IU's marks on clothing, in connection with educational services, or in athletic competition

promotion. The Complaint's failure to specify the particular allegedly infringing acts leaves IU without adequate notice of the claims against it and warrants a more definite statement.

**4. The Complaint Fails to Properly Define and Allege Common Law Rights.**

The Complaint asserts that UIndy "owns common law rights in the mark UINDY." [ECF1, ¶ 9] Paragraph 14 also alleges that "UIndy owns valid and subsisting federal statutory and common law rights to the UINDY Mark." These bare assertions of common law rights are insufficient because the Complaint fails to identify: (i) which specific marks are subject to common law protection, as distinct from UIndy's registered marks; (ii) what specific goods and services are covered by those common law rights; and (iii) the geographic scope and extent of such common law rights.

Unlike federally registered marks, common-law trademark rights do not enjoy a presumption of validity or nationwide protection. *See* 15 U.S.C. § 1057(b) (without a registration, a plaintiff is not entitled to a presumption of ownership or exclusive right to use). The owner of an unregistered mark must affirmatively prove the scope of protection of its alleged common law mark. *See* 4 McCarthy on Trademarks and Unfair Competition, §§ 26:1–26:19.

Here, UIndy's Complaint mentions "common law rights" in passing but provides no factual basis for those rights separate and apart from its federal registrations. The Complaint does not allege which specific marks are subject to common law protection and for what specific goods or services. This is particularly significant because UIndy bears the burden of establishing the scope of any such rights.

Without knowing the scope and basis of UIndy's claimed common law rights, IU cannot adequately respond to the Complaint. If UIndy intends to assert infringement of common law rights beyond those covered by its federal registrations, it must allege facts sufficient to establish the existence, scope, and geographic extent of those rights. The Court should order UIndy to amend its

Complaint to properly define the common law rights it asserts. If it cannot do so, it should remove any reference to common law rights from the Complaint.

**CONCLUSION**

Accordingly, UIndy's damages claim is barred by the Eleventh Amendment, as well as *Iqbal/Twombly*. IU respectfully requests dismissal of the damages claims.

IU also asks the Court to grant its motion for a more definite statement and order UIndy to file an amended complaint that:

(a) defines the "UINDY Marks" by identifying the specific registered and common law marks and rights UIndy asserts;

(b) identifying which specific IU marks allegedly infringe each right asserted by UIndy;

(c) specifies the particular acts of IU that constitute the alleged infringement, including which specific goods, services, or uses are at issue for each allegedly infringing IU mark; and

(d) defines the common-law trademark rights UIndy asserts, including the specific marks subject to common law protection, the goods and services covered by those rights, and the geographic scope and extent of those rights.

Respectfully submitted,
*/s/John R. Maley*
John R. Maley
Caitlin Byczko
Amanda Gallagher
Barnes & Thornburg, LLP
11 South Meridian
Indianapolis, IN 46024
jmaley@btlaw.com
317.231.7464